No. 2-09-0788    Filed: 10-25-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 02--CM--6344 |
| RICKY T., | ) ) | Honorable Gary V. Pumilia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Ricky T., was convicted of sexual exploitation of a child (720 ILCS 5/11--9.1(a)(1) (West 2002)) and sentenced to 24 months' probation. On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt. For the reasons that follow, we affirm.

BACKGROUND

At defendant's bench trial, Kathryn B. testified as follows. On July 20, 2002, she was in a relationship with defendant and lived with him. That evening, she left to go to work and left defendant and their 18-month-old daughter at home. When Kathryn arrived at work, she learned that she was not scheduled to work that evening, so she went home.

Upon entering the couple's apartment, Kathryn discovered defendant sitting on the couch with their daughter. One of defendant's legs was propped up on the coffee table, while the other was

against the back of the couch. Defendant was dressed in women's clothing: a strapless black bra holding condoms filled with water; a light blue, spaghetti-strap halter top that revealed his stomach; and a pair of very tight short shorts with a button fly. Three-quarters of defendant's penis was exposed through the leg of his shorts, and his penis was fully erect. His hand was on his penis, but Kathryn testified that she did not see him masturbating. Kathryn observed that their daughter was naked and reaching for the head of defendant's penis. A pornographic movie was on pause in the VCR, but the television was displaying a channel playing a cartoon. When defendant saw Kathryn, he attempted to "shove his penis back up the leg of the pants," but was unsuccessful. Kathryn grabbed their daughter, dressed her, and brought her to a friend's house.

Kathryn testified that when she reported the matter to the police nearly a week later, she told the officer that she had observed defendant masturbating. She further testified at trial, however, that "[h]is hand was actually just on his penis, fully wrapped around his penis."

Defendant's testimony at trial was as follows. After Kathryn left for work on July 20, 2002, he placed their daughter in her room and she fell asleep. He then changed into women's clothing and began to watch television. He denied wearing a bra or using condoms filled with water as breasts. He also denied watching a pornographic movie, stating that the pornographic movie that was in the VCR was there from the previous night when he and Kathryn had watched it together. At some point after he changed into women's clothing, his daughter woke up and came into the living room. Once in the living room, the child ripped off her diaper and crawled up onto the couch. Kathryn walked through the door as defendant was rising to pick up the diaper from the floor. He did not have his penis in his hand, but instead had his hand on his thigh as he was getting up. Defendant denied that his penis was ever exposed or that the child saw him masturbating. He did admit, however, that his

penis was semi-erect and "stimulated" as a result of the tight-fitting shorts. Defendant also denied having any inappropriate sexual contact with the child.

The trial court found defendant guilty, stating that it found Kathryn to be "eminently believable." Defendant was sentenced to 24 months' probation, one of the conditions of which was that he serve 180 days in jail. Defendant appealed.

ANALYSIS

On appeal, defendant argues that the State failed to prove beyond a reasonable doubt that he was masturbating, because there was no evidence that he did anything other than hold his penis and there was no evidence that he ejaculated. Having reviewed the record, we conclude that a rational trier of fact could have found beyond a reasonable doubt that defendant was masturbating.

A defendant's conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. People v. Collins, 106 Ill. 2d 237, 261 (1985). It is not the function of this court to retry the defendant. Collins, 106 Ill. 2d at 261. Rather, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) Collins, 106 Ill. 2d at 261, quoting Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). The trier of fact must assess the credibility of the witnesses and the weight of their testimony, resolve conflicts in the evidence, and draw reasonable inferences from that evidence, and this court will not substitute its judgment for that of the trier of fact on these matters. People v. Ortiz, 196 Ill. 2d 236, 259 (2001).

A person commits the crime of sexual exploitation of a child when he or she engages in a sexual act in the presence of a child and with the intent or knowledge that the child would view the

acts. 720 ILCS 5/11--9.1(a) (West 2002). A sexual act is "masturbation, sexual conduct, or sexual penetration as defined in Section 12--12 of [the Criminal Code of 1961]." 720 ILCS 5/11--9.1(b) (West 2002). The term "masturbation" is not defined by statute. Nor is it defined in Illinois case law. It is, however, commonly understood to mean "erotic stimulation involving the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse." Webster's Third New International Dictionary 1391 (1993); see also People v. Beachem, 229 Ill. 2d 237, 244 (2008) (when a term is not statutorily defined, we are to presume that the legislature intended the ordinary and popularly understood meaning, which may be ascertained through use of a dictionary).

The evidence presented at trial, taken in the light most favorable to the State, was sufficient to prove beyond a reasonable doubt that defendant was engaged in the erotic stimulation of his genitals. Kathryn, whom the trial court found to be "eminently believable," testified that defendant was dressed in women's clothing, had his erect penis three quarters of the way exposed, had a pornographic video in the VCR, and had his hand wrapped all the way around his penis. Given this context, a rational trier of fact could find beyond a reasonable doubt that defendant was masturbating.

Defendant contends that the evidence was insufficient to prove that he was masturbating, because (1) at most, Kathryn saw him merely holding his penis, not manipulating his penis in any way, and (2) there was no evidence that he ejaculated. While both of these contentions are true, they do not establish that defendant was not masturbating. The definition of masturbation does not require that a person stimulate his or her genital organ in any specific way; an act constitutes masturbation so long as the bodily contact erotically stimulates the genital organ. Here, the evidence was that defendant was aroused (as evidenced by his erection) and that his hand was wrapped around his penis.

Under the circumstances, one would not expect defendant to have his hand on his penis unless he was masturbating. Defendant argues that if merely holding a penis constitutes masturbation, a man would be considered to be masturbating every time he touches or scratches himself on the genitals. This, however, is not true, as not every touching of genitals would cause erotic stimulation--a requirement for masturbation. Similarly, just as the definition of masturbation does not require a specific method of stimulation, it also does not require that a man achieve orgasm, much less ejaculate, every time he masturbates. Thus, the fact that there was no evidence that defendant had achieved orgasm or ejaculated does not mean that no rational trier of fact could have found that defendant was masturbating.

CONCLUSION

For the foregoing reasons, we conclude that the State proved beyond a reasonable doubt that defendant was masturbating. The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

HUTCHINSON and JORGENSEN, JJ., concur.